IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | No. 13-83-1 |
| v. | : | |
| | : | |
| DAVID THOMAS MATUSIEWICZ | : | |
| | : | |

## MEMORANDUM

**McHugh, J.**                                                                                          **May 16, 2025**

Defendant David Matusiewicz stands convicted of cyberstalking resulting in death. His conviction was affirmed on appeal, and collateral relief under 28 U.S.C. § 2255 was denied, with the Court of Appeals finding no basis to issue a certificate of appealability. He now returns with a motion pursuant to Rule 60(b)(3) alleging a defect in the integrity of the § 2255 proceedings, on the basis that an Assistant United States Attorney purportedly filed a false affidavit during those proceedings.[1] This allegation is palpably lacking in merit stemming from Defendant's misunderstanding of certain concepts of federal criminal law.

Defendant's § 2255 motion was based in part on an argument that defense counsel failed to communicate a plea offer that would have included a *nolo contendere* plea. In response, the prosecution presented an affidavit from the Chief of the Criminal Division in the United States Attorney's Office in the District of Delaware denying that such a plea offer existed, further stating that he would not have approved such an offer, and that in his nine years of experience he could recall no instance in which a *nolo* plea was offered.

In asserting that this was false, Defendant cites to proceedings in an earlier case against him, involving revocation of his supervised release. Specifically, he cites to a letter on the docket advising the presiding judge that he would not admit to the violations alleged in the revocation petition but neither would he contest them, and then a minute entry reflecting that

---

[1] An identical motion was filed by his sister and co-defendant Amy Gonzales. ECF 495.

1

"the defendant pled no contest." According to Defendant, this refutes the Government's assertion that nolo pleas were never accepted.

What Defendant fails to understand is that there is a fundamental difference between an original determination of guilt and a revocation of supervised release. Where guilt is established by means of a plea the proceedings are governed by Rule 11 of the Federal Rules of Criminal Procedure. It provides as one option a formal plea of nolo contendere, which has specific legal implications. Rule 11 has no applicability to revocation of supervised release, which arises at an entirely different stage of the criminal justice system. Such proceedings are governed by Rule 32.1, which does not prescribe any formal plea mechanism. In the context of supervised release, a docket entry reflecting that a defendant pled "no contest" is not describing a plea of "nolo contendere" as defined by Rule 11, but rather simply a shorthand means of communicating that the defendant does not dispute the facts in the revocation petition.

In no respect does the docket in Defendant's prior case contradict the Government's affidavit in this matter, with the result that there was no defect in the integrity of the proceeding that would entitle Defendant to relief.

                                                               /s/ Gerald Austin McHugh
                                                          United States District Judge